# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.                   Case No. 10-CR-31

**CHIENG CHANG VANG**
   **Defendant.**

## DECISION AND ORDER

Defendant Chieng Chang Vang, sentenced to 162 months in prison on drug trafficking charges, seeks a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). That statute allows the district court to reduce the prison term of a defendant sentenced based on a guideline range subsequently lowered by the Sentencing Commission. Defendant relies on guideline Amendment 782, which the Commission has designated for retroactive application, see U.S.S.G. § 1B1.10(d), and which generally reduces offense levels in drug trafficking cases by 2. The government opposes relief on both eligibility and discretionary grounds.

## I. BACKGROUND

Defendant pleaded guilty to conspiracy to distribute more than 50 grams of methamphetamine, ecstasy, and marijuana. The pre-sentence report ("PSR") recommended a base offense level of 38 under U.S.S.G. § 2D1.1(c), while defendant argued for a base level of 34. Under the PSR's figure, defendant's final level was 39 (base level 38, plus 2 for firearm possession, U.S.S.G. § 2D1.1(b)(1), plus 2 for role in the offense, U.S.S.G. § 3B1.2, and minus 3 for acceptance of responsibility, U.S.S.G. § 3E1.1), producing an imprisonment range of 262-327 months. Under defendant's proposal, the final level was 35 (34+2+2-3), producing a range

of 168-210 months.

At defendant's April 20, 2011, sentencing hearing, I declined to resolve the objection to the base offense level, instead imposing sentence based on the 18 U.S.C. § 3553(a) factors. See United States v. Lopez, 634 F.3d 948, 954 (7th Cir. 2011) (citing United States v. Sanner, 565 F.3d 400, 406 (7th Cir. 2009); United States v. Abbas, 560 F.3d 660, 666-67 (7th Cir. 2009); United States v. Anderson, 517 F.3d 953, 965-66 (7th Cir. 2008)). As the government indicated in its sentencing memorandum, conducting a lengthy hearing on the number of ecstasy pills or the purity of the methamphetamine was not necessary or a productive use of time given the parties' recommendations (defendant recommended 10 years, the government 20). Even under defendant's version, the drug weight was well in excess of that needed to trigger the 10 years to life statutory range.

In imposing sentence under § 3553(a), I noted that this prosecution arose out of the government's investigation into the drug trafficking activities of a gang called the Menace of Destruction or "MOD." The investigation, which included wiretaps on several phones, including defendant's, revealed that the gang operated in various states, including Minnesota and Wisconsin, with defendant heading the Minnesota contingent and providing ecstasy and methamphetamine to co-conspirators in Wisconsin and Minnesota. The parties disputed the precise weight, but it was clear that defendant distributed a substantial amount, more than 30,000 ecstasy pills and 50 grams of methamphetamine. He also possessed and controlled firearms in connection with the conspiracy.

Defendant was 33 years old, with a serious prior record, although he still landed in criminal history category I. In 1994, he was convicted of attempted murder and attempted robbery in juvenile court in California and ordered confined for 9 years. The attempted murder

arose out of defendant's involvement in a drive-by shooting, and the robbery involved him barging into someone's home, resulting in him being shot by the homeowner, leaving him partially paralyzed from the waist down.

Born in Laos, defendant came to the United States with his family as refugees.[1] It appeared that he had a decent childhood in California, yet he joined the MOD at age 12 or 13, leading to his brushes with the law. After he completed his California sentence, defendant moved to Minnesota, where he met his wife. They had two young children together, and his wife remained supportive.

As indicated, defendant suffered from partial paralysis, although he could walk with the assistance of braces. He also suffered other effects of the shooting, including chronic pain, for which he took medication. He admitted some past substance abuse, but he did not seem to have a serious problem. After initially dropping out of high school, he later obtained his diploma, then earned an associate's degree and took additional college courses in business. However, he did not have a work record, collecting SSI since 2002 due to his paralysis.

Defendant requested the 10 year minimum sentence required by statute, but I found that insufficient. Defendant occupied a leadership position in a drug trafficking organization that moved a substantial amount of ecstasy and methamphetamine into numerous areas in Wisconsin; he was also involved in the possession and movement of firearms, which created further danger; and based on the cash seizures, it appeared that he profited significantly. The notion that he simply made a poor decision in order to support his family depreciated the nature and seriousness of his conduct. I also found defendant's recommendation insufficient to

---

[1]Defendant was subject to deportation based on the instant conviction, but the PSR reported it was unlikely he would actually be removed due to his country of origin.

protect the public and deter. Although defendant fell in criminal history category I, he had a serious prior record and served a substantial period of confinement previously, yet again broke the law.

I did note some mitigating circumstances, which supported a sentence below the government's recommendation. Defendant had strong family support, as set forth in the many letters lodged with the court. His disability, while not impeding his ability to commit this crime, would make prison harder for him than the typical defendant. I also took into account his educational accomplishments, which provided reason to believe that he had options for financial support other than crime.

Under all the circumstances, I found a sentence of 162 months sufficient but not greater than necessary to satisfy the purposes of sentencing. This sentence adequately accounted for the serious nature of the crime, and the need to deter and protect the public, while acknowledging the mitigating factors. In the statement of reasons, I specifically noted that the sentence was based on § 3553(a) and would have been the same regardless of the guidelines.

## II. DISCUSSION

The court may not under 18 U.S.C. § 3582(c)(2) reduce the sentence to less than the minimum of the amended guideline range.[2] See U.S.S.G. § 1B1.10(b)(2)(A). In the present case, under the PSR's drug weight, application of Amendment 782 produces a new range of 210-262 months, higher than the current sentence. Under defendant's suggested weight, the range would drop to 135-168 months, partially below the current sentence.

The government argues that defendant is ineligible for a reduction because he was not

---

[2]Substantial assistance cases are an exception, U.S.S.G. § 1B1.10(b)(2)(B), but defendant did not receive a government motion in this case.

4

sentenced based on a guideline range subsequently lowered; instead, he was sentenced based on the § 3553(a) factors. The government compares this to a situation in which the defendant was sentenced to a mandatory minimum or as a career offender. In those situations, however, the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of the other guideline or statutory provision. U.S.S.G. § 1B1.10 cmt. n.1(A). The government cites no authority for finding a defendant ineligible, when the amendment does lower the range, simply because the court declined to follow the guidelines originally.

The government contends that, even under defendant's suggested drug weight, he is ineligible for a reduction because his sentence of 162 months falls within the amended range of 135-168 months. However, U.S.S.G. § 1B1.10(b)(2)(A) would under that scenario allow a sentence as low as 135 months – "the minimum of the amended guideline range." The government correctly notes that, if I were to adopt the PSR's drug weight, the amended range would be 210-262 months and § 1B1.10(b)(2)(A) would block a reduction. The court may in ruling on a § 3582(c)(2) motion make new findings as are necessary to determine the defendant's base offense level, so long as those findings are supported by the record and not inconsistent with the findings made in the original sentencing determination. United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010). However, in light of the government's agreement at the original sentencing that specific findings were unnecessary, and because I agree with the government that a reduction should be denied even if defendant is eligible, I will assume, arguendo, that defendant's range has been lowered.

In deciding whether to exercise its discretion to reduce a sentence under 18 U.S.C. §§ 3582(c)(2), the court shall consider the 18 U.S.C. § 3553(a) factors, shall consider the nature

5

and seriousness of the danger to the community that may be posed by a reduction, and may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B1.10 cmt. n.1(B). Section 3553(a) directs the sentencing court to consider the nature and circumstances of the offense, and the history and characteristics of the defendant; the kinds of sentences available; the applicable sentencing guideline range; any pertinent policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. The statute requires the court to impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed correctional treatment.

As discussed above, the instant offense was serious, involving a gang's distribution of various controlled substances in several states. Defendant occupied a leadership position in the organization, directing the activities of others, controlling the possession and movement of firearms, and obtaining significant profits.[3] As also discussed above, although he fell in criminal history category I, defendant's record included prior attempted murder and attempted robbery offenses. Despite serving a substantial period of confinement for these offenses, and despite being shot during the attempted robbery, he was undeterred from returning to organized criminal activity involving firearms.

In his reply brief, defendant answers the government's eligibility arguments, but he

---

[3]For instance, agents seized more than $97,000 in cash from a safe deposit box defendant owned.

6

makes no argument as to why the court should reduce his sentence.[4] Nor does he present any evidence of his post-sentencing conduct.

On review of the entire record, I continue to find the 162 month sentence necessary to satisfy the purposes of sentencing. This sentence is needed to reflect the seriousness of the offense and defendant's role in it, to protect the public from further crimes of the defendant, and to deter defendant from additional offenses.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 415) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[4]Defendant argues that the § 3553(a) factors are outside the scope of this proceeding, but both 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 cmt. n.1(B)(i) tell the court to consider those factors.

7